**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROSALIE GUANCIONE, <br> Plaintiff, <br> v. <br> INTERNAL REVENUE SERVICE, <br> Defendant. | Case No. 22-cv-02619-BLF <br><br> **ORDER DENYING MOTIONS FOR DECLARATORY JUDGMENT** <br><br> [Re: ECF Nos. 48, 49, 55, 59, 65] |

Plaintiff has filed five motions for "declaratory judgment" that are currently pending. ECF Nos. 48, 49, 55, 59, 65. The first seeks a declaratory judgment "that Plaintiff complied with requirement to serve an administrative claim on Defendant by deadline established by this US [sic] District Court." ECF No. 48. The second seeks a declaratory judgment "that Defendant filed erroneous notice of federal tax liens against the real property of a legal owner and holder of a note in due course, aka mortgagor, at all times, for the alleged tax debt of another." ECF No. 49. The third seeks a declaratory judgment "that Plaintiff's standing is that of a sovereign without the United States, and above the standing of the foreign trust domestic to Puerto Rico that is the Defendant Internal Revenue Service." ECF No. 55. The fourth seeks a declaratory judgment "that Defendant filed erroneous lis pendens against the real property of a legal owner and holder of a note in due course, aka mortgagor, at all times, for the alleged tax debt of another, that is void from date of recording." ECF No. 59. The fifth, which is titled a "first amended motion for declaratory judgment," seeks a declaratory judgment "that Plaintiff complied with requirement to serve an administrative claim on Defendant." ECF No. 65.

Defendant has opposed the first four motions. ECF Nos. 54 (opposing ECF Nos. 48, 49), 62 (opposing ECF Nos. 55, 59). The time has not yet expired for Defendant to oppose the fifth

1   motion. *See* ECF No. 65.  Defendant argues that these motions are procedurally improper.  *See*
2   ECF Nos. 54, 62.  The Court agrees.

3   "[A] party may not make a *motion* for declaratory relief, but rather, the party must bring
4   an *action* for a declaratory judgment."  *Kam-Ko-Bio-Pharm Trading Co. Ltd.-Australasia v.*
5   *Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) (quoting *Int'l Bhd. of Teamsters v.*
6   *E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995)).  The only way a motion for
7   declaratory relief "can be construed as being consistent with the Federal Rules is to construe it as a
8   motion for summary judgment on an action for a declaratory judgment."  *Id.* (quoting *Int'l Bhd. of*
9   *Teamsters*, 160 F.R.D. at 456).  This is not an action for a declaratory judgment.  *See* ECF No. 29
10  ("TAC").  Plaintiff's motion is denied as inconsistent with the Federal Rules.  *Kam-Ko-Bio-Pharm*
11  *Trading Co. Ltd.-Australasia*, 560 F.3d at 943.

12  For the foregoing reasons, Plaintiff's motions for declaratory judgment are DENIED.  ECF
13  Nos. 48, 49, 55, 59, 65.

14  **IT IS SO ORDERED.**

16  Dated:  July 7, 2023

17  
18  BETH LABSON FREEMAN
    United States District Judge