UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSALIE GUANCIONE©,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE,<br><br>    Defendant. | Case No. 22-cv-02619-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>[Re: ECF No. 31] |

Pro se Plaintiff Rosalie Guancione© brought this action against the Internal Revenue Service ("IRS"), alleging that the IRS has improperly failed to remove tax liens on her property at 560 Hobie Lane, San Jose, CA 95127. Now before the Court is Defendant's motion to dismiss the Third Amended Complaint. *See* ECF No. 39 ("MTD"). Plaintiff opposes the motion. ECF No. 81 ("Opp."). The Court previously found the motion suitable for submission without oral argument and vacated the hearing. *See* ECF No. 63. For the reasons set forth below, the Court GRANTS the motion to dismiss WITH PREJUDICE.

**I.   BACKGROUND**

Plaintiff first filed suit on April 28, 2022. ECF No. 1. The Court granted Plaintiff's motion to proceed *in forma pauperis*. ECF No. 11. A complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). After review, the Court screened and dismissed the Complaint, *see* ECF No. 11, the First Amended Complaint, *see* ECF No. 17, and the Second Amended Complaint, *see* ECF No. 27. On January 12, 2023,

1   Plaintiff filed the operative Third Amended Complaint. ECF No. 29 ("TAC"). The Court
2   screened the TAC and allowed service on Defendant. ECF No. 32.

3   Plaintiff alleges she asserts that she contracted with W. James Kubon and Vally Kubon
4   ("the Kubons") to perform work on the real property they owned at 560 Hobie Lane in San Jose
5   ("the Property"). TAC at 3 ¶¶ 1-2. She alleges that she did not receive payment for the work, and
6   therefore filed seven mechanics liens on the property, which she later consolidated into one
7   mortgage, which was called a Deed of Trust and entered into on June 30, 2001. *Id.* at 4 ¶¶ 3-6.
8   She filed this document into the public real estate record with the Office of the Santa Clara County
9   Clerk Recorder. *Id.* at 4 ¶ 7. She further alleges that the IRS filed multiple tax liens on the
10  Property, which the IRS also entered into the public real estate record with the Office of the Santa
11  Clara County Clerk Recorder. *Id.* at 4 ¶ 8. Ms. Guancione© alleges that she filed a notice of
12  default and election to sell under deed of trust, and the Kubons then signed a deed in lieu of
13  foreclosure on August 16, 2019; these documents were both filed into the public real estate record.
14  *Id.* at 4 ¶¶ 9-10. Ms. Guancione© then filed (1) the Substitution of Trustee and Full
15  Reconveyance and (2) Grant Deed, executed on August 31, 2019, into the public real estate
16  record. *Id.* at 5 ¶¶ 11-12. The Property was thus transferred, which Ms. Guancione© alleges
17  extinguished the tax liens. *Id.* at 5 ¶ 13. Ms. Guancione© alleges that the IRS was aware of the
18  change in ownership based on its litigation with the Kubons over the tax liens and the public real
19  estate record, among other means. *Id.* at 5 ¶¶ 14-19. She further alleges that the tax liens were
20  extinguished when the Property was transferred, and the IRS improperly failed to remove these
21  liens. *Id.* at 6 ¶¶ 20-25. She finally alleges that this failure by the IRS has damaged her ability to
22  sell the Property; to obtain collateralized loans against the Property; or to renovate, remodel, or
23  prevent waste of the Property. *Id.* at 6-7 ¶¶ 26-29. She alleges actual damages in the form of lost
24  rents in the amount of $6,000/month for each month since obtaining ownership on August 31,
25  2019. *Id.* at 7 ¶ 31.

26  Plaintiff brings an action pursuant to 26 U.S.C. § 7432. TAC at 2. She alleges that she
27  "submitted by prepaid U.S. Mail an administrative remedy, in accordance with 26 CFR §
28  301.7432-1(f)" to a listed address. *Id.* She alleges that she was unaware of the elements of an

1  administrative claim until December 12, 2022. *Id.*

2  On March 24, 2023, Defendant filed the instant motion to dismiss. *See* MTD. On June 30,
3  2023, Plaintiff filed an opposition.[1] ECF No. 81.

## II. LEGAL STANDARD

### A. Lack of Subject Matter Jurisdiction

A party may challenge the Court's subject matter jurisdiction by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the movant asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint. *Id.* In a factual attack, the movant disputes the truth of allegations that otherwise would give rise to federal jurisdiction. *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* "The court need not presume the truthfulness of the plaintiff's allegations." *Id.* If the moving party presents evidence demonstrating the lack of subject matter jurisdiction, the party opposing the motion must present affidavits or other evidence sufficient to establish subject matter jurisdiction. *Id.*

### B. Failure to State a Claim

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter,

---

[1] The Opposition was not timely. *See* ECF No. 39 (setting deadline to file opposition to motion to dismiss on April 7, 2023). Plaintiff includes in her Opposition a motion to enlarge time. *See* Opp. at 2-3. While Plaintiff did not strictly comply with the requirements of Civil Local Rule 6-3, the Court notes that Plaintiff is pro se and has health difficulties. The Court GRANTS the motion to enlarge time and will consider Plaintiff's opposition.

United States District Court
Northern District of California

1 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

2 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is

3 facially plausible when it "allows the court to draw the reasonable inference that the defendant is

4 liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to

5 the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803

6 F.2d 500, 504 (9th Cir. 1986).

7 In deciding whether to grant leave to amend, the Court must consider the factors set forth

8 by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962), and discussed at

9 length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir.

10 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman*

11 factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure

12 deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of

13 amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the

14 opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to

15 one of the other factors may warrant denial of leave to amend. *Id.*

16 **III.   DISCUSSION**

17     **A.   Proper Defendant**

18 Defendant first argues that the United States is the only proper Defendant, and the Court

19 should dismiss the action as to the IRS with prejudice and substitute in the United States in its

20 place. MTD at 4-5. Plaintiff brings a claim under 26 U.S.C. § 7432, which provides: "If any

21 officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails

22 to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil

23 action for damages against the United States in a district court of the United States." 26 U.S.C. §

24 7432(a). "When Congress authorizes one of its agencies to be sued eo nomine, it does so in

25 explicit language, or impliedly because the agency is the offspring of such a suable entity."

26 *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). The statute does not do so here. *See* 26 U.S.C. §

27 7432(a). The Court therefore GRANTS Defendant's motion to dismiss the IRS WITH

28 PREJUDICE. The Court SUBSTITUTES the United States as Defendant. *Cf. Balser v. Dep't of*

4

*Just., Off. of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (stating an action against a United States agency "plainly states a cause of action against the United States").

### B. Proper Plaintiff

Defendant next argues that the case should be dismissed because Plaintiff is not a proper plaintiff, and the Court therefore lacks subject matter jurisdiction. MTD at 5-6. "Under settled principles of sovereign immunity, 'the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Dalm*, 494 U.S. 596, 608 (1990) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). "Like a waiver of immunity itself, which must be unequivocally expressed[,] . . . this Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981) (internal quotation marks and citations omitted). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Again, Plaintiff's claim is brought under 26 U.S.C. § 7432, which provides: "If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. § 7432(a). In 2010, a court in the Southern District of California stated that "every court in the Ninth Circuit that has confronted this issue has construed the word 'taxpayer' within the context of 26 U.S.C. § 7432(a) to only include direct taxpayers, i.e. the individual subject to tax liability." *Parker v. United States*, No. 09CV1394 JAH (WMc), 2010 WL 3894977, at *3 (S.D. Cal. Sept. 29, 2010) (citing *Stickney v. I.R.S.*, 263 F. App'x 616 (9th Cir. 2008); *Acacia Corp. Mgmt., LLC v United States*, No. CIV F-07-1129 AWIGSA, 2008 WL 191029 (E.D. Cal. Jan. 22, 2008); *Soghomonian v. United States*, 82 F. Supp. 2d 1134 (E.D. Cal. 1999). The Ninth Circuit stated in an unpublished memorandum decision that 26 U.S.C. § 7432 did not confer jurisdiction on the district court because it "applies only to the direct taxpayer and not to third parties such as

[plaintiff]." *Stickney*, 263 F. App'x at 616-17. The court in *Parker* also noted that "courts in other circuits that have considered this issue overwhelmingly follow the Ninth Circuit's approach." *Id.* (collecting cases). The *Parker* court thus reached the conclusion "that only direct taxpayers have standing to sue under § 7432." *Parker*, 2010 WL 3894977, at *3. This Court agrees. *See also United States v. Garrity*, 187 F. Supp. 3d 350, 354 (D. Conn. 2016) ("Courts have also interpreted the phrase 'such taxpayer' in [26 U.S.C. §§ 7432, 7433] as referring only to the 'direct taxpayer,' *i.e.*, the individual from whom the IRS seeks to collect taxes." (collecting cases)).

Plaintiff was not the taxpayer here. *See* TAC. She therefore cannot bring suit under 26 U.S.C. § 7432. *See Parker*, 2010 WL 3894977, at *3-4 (determining plaintiff did not have standing under 26 U.S.C. § 7432 where "IRS filed a lien against plaintiff's property solely to satisfy her ex-husband's tax liability" because plaintiff herself was "not the individual subject to tax liability"). The Court therefore lacks subject matter jurisdiction over the claim, and the case must be DISMISSED. Because Plaintiff cannot state facts that would give the Court subject matter jurisdiction, the dismissal is WITH PREJUDICE.

### C. Other Arguments

The Court need not reach Defendant's other arguments, *see* MTD at 6-10, as it has already determined that it does not have subject matter jurisdiction.

## IV. ORDER

Defendant's motion to dismiss Plaintiff's TAC is GRANTED WITH PREJUDICE.

Dated: July 10, 2023

_____
BETH LABSON FREEMAN
United States District Judge